IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CLAYTON CARTER, | Cause No. CV 21-49-H-BMM-JTJ |
| Plaintiffs, | |
| vs. | ORDER |
| BRYCESON McKINNON; JACOB DAVISON; JEFFREY McNABB; and JIM SALMONSEN, | |
| Defendants. | |

On June 23, 2021, Plaintiff Clayton Carter filed this action under 42 U.S.C. § 1983 alleging violation of his civil rights. On September 14, 2021, he filed an amended complaint.

Because Carter is a prisoner and is proceeding in forma pauperis, *see* Order (Doc. 5), the Court must review the pleading to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and give notice of deficiencies that may be cured by amendment. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Watison v. Carter*, 668 F.3d 1108, 1117–18 (9th Cir. 2012) (quoting *Pruitt v. Cheney*, 963 F.2d 1160, 1164 (9th Cir. 1991)).

1

The Court has reviewed all the allegations in the amended complaint.[1] In one respect, Carter fails to state a claim but may do so by clarifying his allegations in a supplement.

Carter asserts that Defendant Warden Salmonsen "knowingly or purposely allow[ed] Carter to be shipped to a regional prison in retaliation for filing a P.R.E.A. complaint and federal lawsuit." Am. Compl. (Doc. 9) at 18 ¶ 26.

To state a claim against Salmonsen, Carter must allege facts showing that Salmonsen caused or contributed to causing the transfer. *See* 42 U.S.C. § 1983. A person participates in causing a constitutional violation "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes" or contributes to causing the violation. *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "[A]llowing" a transfer does not meet the causation element.

If Carter believes Warden Salmonsen knew Carter had been selected for transfer to Crossroads, knew that he was selected because of his filing of a PREA complaint or a lawsuit, and decided not to prevent the transfer from happening, he must allege facts supporting that claim. Or if Carter means that Salmonsen

---

[1] The Court has also reviewed the original complaint. The amended complaint does not appear to omit anything included in the original.

retaliated against him for filing a PREA claim or lawsuit by doing something to cause the transfer, he must allege facts supporting both the motivation and the action. If Carter means only that Salmonsen knew or should have known that *any* transfer of Carter would be retaliatory, then he does not have a claim against Salmonsen.

Carter may respond by filing a supplement. He need not file a complete pleading.

Accordingly, IT IS ORDERED:

1. Carter may respond to this Order on or before **January 28, 2022**.

2. Carter's motion for screening (Doc. 11) is DISMISSED AS MOOT.

DATED this 7th day of January, 2022.

John Johnston
United States Magistrate Judge

3