IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CLAYTON CARTER,<br><br>Plaintiff,<br><br>vs.<br><br>BRYCESON McKINNON; JACOB DAVISON; and JEFFREY McNABB,<br><br>Defendants. | Cause No. CV 21-49-H-BMM<br><br>ORDER |

Plaintiff Carter is an incarcerated person proceeding in forma pauperis with this action under 42 U.S.C. § 1983. (Doc. 9.) He alleges violations of his civil rights. (*Id.*) United States Magistrate Judge John Johnston issued a scheduling order on May 6, 2022, requiring the parties to file disclosure statements within 60 days. (Doc. 22.) Defendants complied. (Doc. 27.) Plaintiff did not.

Magistrate Judge Johnston then ordered Carter to show cause on September 15, 2022. (Doc. 28.) Magistrate Judge Johnston ordered Carter to show why his case should not be dismissed for failure to prosecute and/or failure to comply with the scheduling order. The show cause Order set a deadline of October 3, 2022 for Carter's response. (Doc. 28.)

Mail directed to Carter at his last known address of record returned as undeliverable. (Doc. 29.) The clerk remailed the Order to Carter at an address

1

shown on a Bureau of Prisons website on September 26, 2022. (*Id.*) Carter did not respond. This Court previously has informed Carter that he must keep his mailing address current and that the action may be dismissed without notice to him if he fails to do so. *See* Notice of Case Opening (Doc. 3); Orders (Doc. 5 at 2-3); (Doc. 14 at 3); (Doc. 22 at 8-9.)

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

A court must weigh five factors in considering dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor generally favors dismissal, and the fifth generally counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990);

*Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest the Court should view these factors differently in this case. The Court will consider factors two, three, and four.

*Docket Management.* The Court issued a detailed scheduling order on January 25, 2022 explaining what Carter must do to advance his case. (Doc. 14); (*see also* Doc. 22.) Other plaintiffs attempt in good faith to comply with their scheduling orders. The Court's time and resources should prioritize such plaintiffs. This case interferes with and takes time away from those cases. The second factor, concerning docket management, weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

*Prejudice to Defendants.* Defendants have participated in good faith. Plaintiff's inaction, particularly his failure to file his disclosure statement, interferes with their ability to proceed to trial. The third factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

*Alternatives.* No viable alternatives to dismissal appear. The Court already has provided Carter the opportunity to rejoin the action. This factor weighs in favor of dismissal.

Courts exist to resolve disputes on the merits. Carter, however, essentially

has abandoned this action. Reasonable jurists would agree that a case cannot proceed without a plaintiff. All four *Pagtalunan* factors counsel dismissal.

Any appeal of this disposition would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS ORDERED:

1. This action is DISMISSED for failure to prosecute and for failure to comply with the scheduling order.

2. The clerk shall enter, by separate document, a judgment of dismissal for failure to prosecute.

3. The Court CERTIFIES that any appeal of this disposition would not be taken in good faith.

DATED this 7th day of November, 2022.

_____
Brian Morris
United States District Court Judge